UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FAHMIDA CHOWDHURY,

    Defendant.
_____/

Case: 2:22−cr−20127
Assigned To : Michelson, Laurie J.
Referral Judge: Altman, Kimberly G.
Filed: 3/9/2022
SEALED MATTER (LH)

VIO:  18 U.S.C. § 371
       42 U.S.C. § 1320a-7b
       18 U.S.C. § 982

# INFORMATION

THE UNITED STATES ATTORNEY CHARGES:

## GENERAL ALLEGATIONS

At all times relevant to this Information:

### The Medicare Program

1. The Medicare program ("Medicare") was a federal health care program providing benefits to persons who were 65 years of age or older or disabled. Medicare was administered by the Centers for Medicare and Medicaid Services ("CMS"), a federal agency under the United States Department of Health and Human Services ("HHS"). Individuals who received benefits under Medicare were referred to as Medicare "beneficiaries."

2. Medicare was a "health care benefit program," as defined by Title 18,

United States Code, Section 24(b), and a "Federal health care program," as defined by Title 42, United States Code, Section 1320a-7b(f).

3. Medicare covered different types of benefits and was separated into different program "parts." Medicare "Part A" covered certain eligible home health care costs for medical services provided by a home health agency ("HHA"), also referred to as a "provider," to persons who already qualified for Medicare and who additionally required home health services because of an illness or disability that caused them to be homebound.

4. National Government Services was the CMS intermediary for Medicare Part A in the state of Michigan starting in or around May 2015. AdvanceMed was the Zone Program Integrity Contractor ("ZPIC"), meaning the Medicare contractor charged with investigating fraud, waste, and abuse.

5. By becoming a participating provider in Medicare, enrolled providers agreed to abide by the policies and procedures, rules, and regulations governing reimbursement, and furthermore, certified that they would not knowingly present, or cause to be presented, false and fraudulent claims. In order to receive Medicare funds, enrolled providers, together with their authorized agents, employees, and contractors, were required to abide by all of the provisions of the Social Security Act, the regulations promulgated under the Act, and applicable policies, procedures, rules, and regulations issued by CMS and its authorized agents and contractors.

2

6. Upon certification, the provider, whether a clinic, a HHA, or an individual, was assigned a provider identification number for Medicare billing purposes (referred to as an "NPI"). When the provider rendered a service, the provider submitted a claim for reimbursement to the Medicare contractor or carrier that included the NPI assigned to that provider.

7. In order to receive reimbursement for a covered service from Medicare, a provider was required to submit a claim, either electronically or using a form (e.g., a CMS-1500 form or UB-92) containing the required information appropriately identifying the provider, beneficiary, and services rendered.

8. Providers were given, and provided with online access to, Medicare manuals and services bulletins describing proper billing procedures and billing rules and regulations. Providers could only submit claims to Medicare for services they rendered, and providers were required to maintain patient records to verify that the services were provided as described on the claim form. These records were required to be sufficient to permit Medicare, through its contractors, to review the appropriateness of Medicare payments made to the provider.

9. Medicare only covered services that were both medically necessary and rendered.

10. Medicare only covered home health services, if, on the claimed dates of service:

  a. the Medicare beneficiary was under the care of a doctor and receiving services under a plan of care established and reviewed regularly by a doctor;

  b. the Medicare beneficiary needed, and a doctor certified that the beneficiary needed, one or more of the following: (i) Intermittent skilled nursing care; (ii) Physical therapy; (iii) Speech-language pathology services; or (iv) Continued occupational therapy;

  c. the HHA must have been approved by Medicare (Medicare-certified); and

  d. the Medicare beneficiary was homebound, and a doctor certified that the Medicare beneficiary was homebound.

### Federal Anti-Kickback Statute Compliance

11. As a requirement to enroll as a Medicare provider, Medicare required providers to agree to abide by Medicare laws, regulations, and program instructions. Medicare further required providers to certify that they understood that a payment of a claim by Medicare was conditioned upon the claim and the underlying transaction complying with these laws, regulations, and program instructions, including the Federal Anti-Kickback Statute. Accordingly, Medicare would not pay claims procured through kickbacks and bribes.

## The Relevant Home Health Agency

12. Ultimate Home Care, Inc. ("Ultimate") was a Michigan corporation doing business at 1 Ajax Drive, Suite 110, Madison Heights, Michigan 48071. Ultimate was enrolled as a participating Medicare provider and submitted claims to Medicare. Ultimate was a HHA that purportedly provided in-home physical therapy and skilled nursing services to beneficiaries and other individuals. Ultimate maintained an account at J.P. Morgan Chase ending in x9931 ("Ultimate Account").

## The Defendant and Related Individuals

13. Defendant FAHMIDA CHOWDHURY was a resident of Macomb County, Michigan, and was the owner and operator of Ultimate.

14. Individual 1 was a resident of Oakland County, Michigan, and was a patient recruiter for Ultimate. Individual 1 operated Company 1, through which Individual 1 received payments from FAHMIDA CHOWDHURY, and others, on behalf of Ultimate.

## Count 1
## Conspiracy to Defraud the United States and Pay and Receive Health Care Kickbacks
## (18 U.S.C. § 371)
## FAHMIDA CHOWDHURY

15. Paragraphs 1 through 14 of the General Allegations section of this Information are re-alleged and incorporated by reference as though fully set forth herein.

5

16. From at least in or around August 2016, and continuing through in or around February 2021, the exact dates being unknown to the United States, in Oakland County, in the Eastern District of Michigan, and elsewhere, FAHMIDA CHOWDHURY did knowingly and willfully conspire and agree with Individual 1 and others, known and unknown to the United States, to commit certain offenses against the United States, that is,

    a. to defraud the United States by impairing, impeding, obstructing, and defeating through deceitful and dishonest means, the lawful government functions of the HHS in its administration and oversight of Medicare, in violation of Title 18, United States Code, Section 371;

    b. to violate Title 42, United States Code, Section 1320a-7b(b)(1)(A), by soliciting and receiving any remuneration (including any kickback, bribe, and rebate) directly and indirectly, overtly and covertly, in cash and in kind, in return for referring an individual to a person for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole and in part by Medicare, a Federal health care program, as defined in Title 18, United States Code, Section 24(b); and

    c. to violate Title 42, United States Code, Section 1320a-7b(b)(2)(A), by offering and paying any remuneration (including any kickback, bribe,

and rebate) directly and indirectly, overtly and covertly, in cash and in kind to any person to induce such person to refer an individual to a person for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole and in part by Medicare, a Federal health care program, as defined in Title 18, United States Code, Section 24(b).

## Purpose of the Conspiracy

17. It was a purpose of the conspiracy for the defendant and her co-conspirators to unjustly enrich themselves by: (1) offering, paying, soliciting, and receiving kickbacks and bribes in return for Medicare beneficiary referrals; (2) submitting and causing the submission of false and fraudulent claims to Medicare for purported home health services provided to those referred beneficiaries; and (3) diverting proceeds of the conspiracy for the personal use and benefit of the defendant and her co-conspirators.

## Manner and Means of the Conspiracy

18. The manner and means by which the defendant and her co-conspirators sought to accomplish the objects and purpose of the conspiracy included, among other things, the following:

19. FAHMIDA CHOWDHURY and others paid and caused the payment of illegal kickbacks and bribes, via checks issued from the Ultimate Account, to

Individual 1, via Company 1, in exchange for referring Medicare beneficiaries and providing Medicare beneficiary information to Ultimate that FAHMIDA CHOWDHURY used to support the submission of false and fraudulent claims to Medicare, through Ultimate, for purported home health care services.

## Overt Acts

20. In furtherance of the conspiracy, and to accomplish its objects and purpose, at least one of the conspirators committed, or caused to be committed, in the Eastern District of Michigan, at least one of the following overt acts, among others:

21. On or about November 2, 2018, Individual 1 sent FAHMIDA CHOWDHURY a text message about receiving payment for the referral of a Medicare beneficiary to Ultimate.

22. On or about November 2, 2018, FAHMIDA CHOWDHURY paid and caused the payment of approximately $700 to Individual 1, in the form of check number 549, drawn on the Ultimate Account, made payable to Company 1, in exchange for the referral of Medicare beneficiaries and providing Medicare beneficiaries' information to Ultimate.

23. On or about April 15, 2019, Individual 1 sent FAHMIDA CHOWDHURY a text message about receiving payment for the referral of a Medicare beneficiary to Ultimate.

24. On or about April 17, 2019, FAHMIDA CHOWDHURY paid and caused the payment of approximately $700 to Individual 1, in the form of check number 822, drawn on the Ultimate Account, made payable to Company 1, in exchange for the referral of Medicare beneficiaries and providing Medicare beneficiaries' information to Ultimate.

All in violation of Title 18, United States Code, Section 371.

## FORFEITURE ALLEGATIONS

### (18 U.S.C. § 982(a)(7) - Criminal Forfeiture)

25. The allegations contained in this Information are incorporated by reference as if set forth fully herein for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 982.

26. As a result of the violations alleged in Count 1 as set forth in this Information, defendant FAHMIDA CHOWDHURY shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(7), any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense.

27. <u>Money Judgment</u>: Such property shall also include a forfeiture money judgment against the defendant FAHMIDA CHOWDHURY in favor of the United States in an amount, representing the total value of all property subject to forfeiture as a result of her violation of Title 18, United States Code, Section 371, as alleged

9

in Count 1 of this Information, to the extent such value is not satisfied by the specific forfeitures set forth above.

      28.    <u>Substitute Assets</u>:  If the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a.    Cannot be located upon the exercise of due diligence;
    b.    Has been transferred or sold to, or deposited with, a third party;
    c.    Has been placed beyond the jurisdiction of the Court;
    d.    Has been substantially diminished in value; or
    e.    Has been commingled with other property that cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) as incorporated by Title 18, United States Code, Section 982(b), to seek to forfeit any other property of the defendant FAHMIDA CHOWDHURY up to the value of the forfeitable property described above.


DAWN N. ISON
UNITED STATES ATTORNEY

JOSEPH S. BEEMSTERBOER
Acting Chief
Criminal Division, Fraud Section
U.S. Department of Justice

REGINA R. MCCULLOUGH
Chief, Health Care Fraud Unit
United States Attorney's Office
Eastern District of Michigan

s/JOHN J. MCCORMACK
JOHN J. MCCORMACK
Trial Attorney
Criminal Division, Fraud Section
U.S. Department of Justice
1400 New York Avenue, N.W.
Washington, D.C. 20005
 (202) 262-7011
John.mccormack.iv@usdoj.gov

Date:  March 9, 2022

| United States District Court<br>Eastern District of Michigan | **Criminal Case Cover Sheet** | Case Number |
|---|---|---|

**NOTE:** It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

| **Companion Case Information** | **Companion Case Number:** |
|---|---|
| This may be a companion case based upon **LCrR 57.10 (b)(4)**[1]: | **Judge Assigned:** |
| ☐ Yes    ☒ No | **AUSA's Initials:** |

**Case Title:** USA v. Fahmida Chowdhury

**County where offense occurred:** Oakland

**Check One:**   ☒ Felony   ☐ Misdemeanor   ☐ Petty

____Indictment/ ✓ Information --- **no** prior complaint.
____Indictment/____Information --- based upon prior complaint [**Case number:** _____]
____Indictment/____Information --- based upon **LCrR 57.10 (d)** *[Complete Superseding section below]*.

**Superseding Case Information**

**Superseding to Case No:** _____    **Judge:** _____

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
| | | |

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

3/9/2022
Date

s/John McCormack IV

John McCormack IV
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226-3277
Phone: 202-262-7011

E-Mail address: John.McCormack.IV@usdoj.gov
Attorney Bar #:  MA 676073, NH 19569

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.